| | | |
|---|---|---|
| In re: | ) | Chapter 13 Proceedings |
| | ) | |
| TONI GAYLE NOVAK, | ) | Case No. 05-17448 |
|     Debtor. | ) | |
| | ) | Judge Arthur I. Harris |
| TONI GAYLE NOVAK, | ) | |
|     Plaintiff, | ) | Adversary Proceeding |
| | ) | No. 05-1341 |
| v. | ) | |
| | ) | |
| DARLA FRANCESCONI, | ) | |
|     Defendant. | ) | |
| | ) | |

## MEMORANDUM OF OPINION

Before the Court is defendant Darla Francesconi's motion for summary judgment (Docket #11) and plaintiff-debtor Toni Novak's response (Docket #13). At issue is the validity of a lien held by Ms. Francesconi against real property owned by Ms. Novak. Ms. Novak contends that the lien is not valid because the underlying note was not supported by consideration. Ms. Francesconi argues that a prior judgment in a state foreclosure action precludes Ms. Novak from challenging the validity of the lien on the basis of the note. For the reasons that follow, the motion for summary judgment is granted.

## FACTS

The following facts are not in dispute. On December 9, 2003, Ms. Novak

confessed judgment on a promissory note in favor of Ms. Francesconi. The Lake County Court of Common Pleas entered judgment in favor of Ms. Francesconi in the amount of $50,000 plus ten percent interest from October 19, 1990. Ms. Novak was represented by an attorney in that proceeding.

Ms. Francesconi recorded a certificate of judgment against Ms. Novak with the Lake County Clerk of Courts. On March 4, 2004, Ms. Francesconi instituted a foreclosure action against Ms. Novak in which Ms. Francesconi alleged to have a valid lien against real property owned by Ms. Novak and located at 7504 Demshar Drive, Mentor, Ohio 44060. Ms. Novak, again represented by counsel, filed an answer containing a general denial of the allegations made in the complaint but did not plead any affirmative defenses, including lack of consideration. Ms. Francesconi moved for summary judgment, which was granted on August 2, 2004. That day, the Lake County Court of Common Pleas entered a judgment and foreclosure decree which found that Ms. Francesconi held a valid lien against Ms. Novak's real property.

Ms. Novak did not appeal the state court judgment, and a sheriff's sale was scheduled. Prior to the sale, Ms. Novak filed a Chapter 13 petition on October 7, 2004 (Case #04-22861). That case was dismissed on February 25, 2005, and the sheriff's sale was rescheduled. Ms. Novak filed her current Chapter 13 case on

2

May 25, 2005. On July 7, 2005, Ms. Novak commenced this adversary proceeding in which she seeks an order invalidating Ms. Francesconi's lien. Ms. Novak argues that the lien is invalid because the underlying note was not supported by consideration. Ms. Novak did not raise this defense in either state court proceeding.

## JURISDICTION

Determinations of dischargeability are core proceedings under 28 U.S.C. § 157(b)(2)(I). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c), as made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court shall render summary judgment:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party moving the court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the

3

moving party] is entitled to judgment as a matter of law." *Jones v. Union County*, 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir. 1997); *see, e.g.*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). In determining the existence or nonexistence of a material fact, a court will view the evidence in a light most favorable to the nonmoving party. *See Tennessee Dep't. of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir. 1996).

CLAIM PRECLUSION

"A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a 'right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies . . . .' " *Montana v. United States*, 440 U.S. 147, 153 (1979)

4

(quoting *S. Pac. R. R. Co. v. United States*, 168 U.S. 1, 48-49 (1897)). Currently referred to as claim preclusion, "[r]es judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131 (1979); *see also Archer v. Warner*, 538 U.S. 314, 319-20 (2003) (citing *Brown*). *See generally* Restatement (Second) of Judgments § 18 (1982).

As to the preclusive effect of state court judgments in federal court, "judicial proceedings [of any state] . . . shall have the same full faith and credit in every court within the United States." 28 U.S.C. § 1738. The Supreme Court has interpreted this language to mean that a federal court must give the same preclusive effect to a state court judgment to which the judgment is entitled under that state's law of claim preclusion. *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 374 (1985) (citing *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481-82 (1982)); *see also Bay Area Factors v. Calvert (In re Calvert)*, 105 F.3d 315 (6th Cir. 1997) (applying California law to a California court's default judgment). In the present case, then, the Court must first look to Ohio claim preclusion law to determine the preclusive effect of the state foreclosure decree.

5

Claim preclusion has four elements in Ohio:

(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Corzin v. Fordu (In re Fordu)*, 201 F.3d 693, 703-04 (6th Cir. 1999); *see also Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 382, 653 N.E. 226, 229 (1995) (holding that a "valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action").

Here, the relevant prior decision is the state foreclosure decree. The present adversary proceeding involves the same parties and the same transaction that was the subject matter of the foreclosure action. The validity of the lien was litigated and determined in the foreclosure action, and a lack of consideration for the underlying note should have been pleaded in Ms. Novak's answer. *See* Oh. Civ. R. 8(C) ("In pleading to a preceding pleading, a party shall set forth affirmatively . . . want of consideration for a negotiable instrument . . . ."); *see also Italiano v. Commercial Fin. Corp.*, 148 Ohio App. 3d 261, 268, 772 N.E.2d 1215, 1220 (2002) ("The time to bring defenses to a mortgage and any notes associated with the mortgage is when the validity of the mortgage is before the court, *i.e.*,

6

during the initial foreclosure proceedings."). The foreclosure decree was a final, valid decision on the merits by the Lake County Court of Common Pleas. *See Third Nat'l Bank of Circleville v. Speakman*, 18 Ohio St. 3d 119, 480 N.E.2d 411 (1985) (citing *Oberlin Sav. Bank v. Fairchild*, 175 Ohio St. 311, 312, 194 N.E.2d 580 (1963) (order ordering foreclosure sale and finding amounts due is a final order)); *see also In re Hoff*, 187 B.R. 190, 195 (noting that a "foreclosure judgment" is a final judgment which has preclusive effect as to the same claims raised in an adversary proceeding in bankruptcy).

Since all four elements of claim preclusion are satisfied, the Court must give preclusive effect to the state foreclosure decree. Ms. Novak cannot now raise a defense – lack of consideration – that she could have raised in the state court proceeding. *See Johnson's Island, Inc. v. Danbury Twp. Bd. of Trustees*, 69 Ohio St. 2d 241, 245-46, 431 N.E.2d 672, 675 (1982) (defendant who fails to raise a defense in the first action is barred from raising it in a later action); *see also* Restatement (Second) of Judgments § 18 cmt. c illus. 4, 5 (1982). Therefore, Ms. Francesconi's motion for summary judgment is granted.

## CONCLUSION

For the foregoing reasons, claim preclusion prevents the relitigation of the validity of Ms. Francesconi's lien. Accordingly, defendant Darla Francesconi's

motion for summary judgment is granted. Each party shall bear her own costs and attorney's fees.

　　　　IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Arthur I. Harris
　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

8

05-01341-aih    Doc 15    FILED 02/13/06    ENTERED 02/13/06 15:18:03    Page 8 of 8